# J. Holcomb et al., Appts., *v.* Reporter Journal Publishing Company.

Wrongs affecting the public cannot be remedied by means of legal proceedings in the name of a private citizen who has not sustained an injury greater than that of the public generally.

The publisher of one of the newspapers of a county has no such fixed and definite interest in the subject-matter of an order of court, designating another paper within the county as the one to publish all notices relating to court proceedings which are required by law or by the rules or orders of the court to be published, as will entitle him to a hearing as to the legality of the order.

(Decided March 29, 1886.)

Certiorari to the Common Pleas of Bradford County to review a rule of court relating to the publication of legal notices. Quashed.

On September 6, 1883, a petition was presented to the several courts of Bradford county asking that a rule of the said several courts be adopted, whereby on the first Monday of December, annually, the court shall designate one newspaper in which for the year ensuing all notices which relate to proceedings in court, the publication of which is required by law or by the rule or by the order of court, shall be published during the time required by law, in addition to any other paper which may be specially ordered or which may be selected by the parties. In accordance with this petition and on the back thereof is the rule of court adopted:

Now, to wit: September 6, 1883, the following rule of court is adopted, to wit:

Hereafter and until otherwise ordered, all notices which relate to proceedings in the court of common pleas, court of quarter sessions, oyer and terminer, and orphans' court, the publication of which is required by law or by the rules of court or by the order of court, shall be published during the time required by law in the Bradford Reporter, a newspaper published at Towanda, in addition to any other papers which may be specially ordered or selected by the parties.          P. D. Morrow, P. J.

April 6 and 9, 1885, petitions were filed in the same case asking to continue in force the above rule; also to designate the

paper having the largest circulation as the paper in which such publications should be made.

April 10 the court filed the following opinion refusing to annul or rescind the rule and continuing it in force:

The only matter in question now is the power of the court to make this rule. It is true there was no discussion of the subject when the rule was adopted. The power of the court in that respect was conceded; and, after argument and consideration, I think it is without question.

The only object was to prevent confusion and secure some degree of certainty in the matter of the publication of legal notices. There were some nine papers published in the county. The circulation was unequal. Notices of sheriffs' sales and other legal notices were inserted at different times in different papers, and hence there were complaints of want of notice. To obviate this, the petition was presented and the rule adopted, requiring "all notices which relate to proceedings in the several courts, the publication of which is required by law or by the rules or order of court, shall be published in the Bradford Reporter, in addition to other papers which may be specially ordered or selected by the parties." Before the rule was adopted it appeared to the court that the Reporter had the greater circulation, and hence, would give a wider circulation of the notices. That is the only reason why it was selected.

As to the power of the court, it is enough to say, the sheriff, clerks of the several courts, and attorneys are officers of the court, and so in a measure are trustees, guardians, executors, etc., and are subject to the order and directions of court; and hence, this rule has reference to the court's officers and how all notices not specially provided for by statute shall be given by them. It is not so great an exercise of power as the rule which directs judgment to be entered for want of an appearance, plea, or affidavit of defense, in the face of the Constitution which secures to every man a trial by jury; and yet this rule, and others equally radical, are within the power of the court. Our rule is not in conflict with any statute or constitutional right, and I regard its adoption as clearly within our power. We refuse, therefore, to annul or rescind it.

The Bradford Reporter and Towanda Journal, having united

under the name of "Reporter-Journal," published by the Reporter-Journal Publishing Company, is the only paper making returns of its circulation to the court. It is now publishing and has since April 10, 1885, published, notices under said rule of court, although not especially designated for that purpose.

J. Holcomb and C. L. Tracy, publishers of the Bradford Republican, and E. Ashman Parsons, publisher of the Bradford Argus, remonstrated against this rule, and, believing that the court had no power to make such rule of court or continue it in force, have taken this writ to annul and set aside the same.

*H. N. Williams, N. C. Elsbree,* and *L. Elsbree,* for appellants. —Under the common law there is no such thing as serving legal processes or giving notice of orders, decrees, etc., by publication in newspapers. This class of proceedings is wholly the creature of the statute law; and statutes giving such powers are in derogation of the common law and cannot be enlarged by implication nor carried beyond their clearly appearing import, and must be strictly construed. McMullin v. McCreary, 54 Pa. 230; Moyer v. Pennsylvania Slate Co. 71 Pa. 293.

There is no local statute applicable to publishing notices or empowering the several courts of the county to make rules regulating the practice thereof.

All authority conferred on said courts for making such rules and orders are the statutes and acts of assembly, of general application; and the statutes are precisely alike in this respect and as follows:

"Each of the said courts shall have full power and authority to establish such rules for regulating the practice thereof respectively, and for expediting the determination of suits, causes, and proceedings therein, as in their discretion they shall judge necessary or proper: *Provided,* That such rules shall not be inconsistent with the Constitution and laws of this commonwealth." Common Pleas, § 136, Purdon's Digest, 233; Orphans' Court, § 11, Purdon's Digest, 1104; Quarter Sessions, § 19, Purdon's Digest, 1200.

The rule of court in controversy is in conflict with the statutes and therefore void, and should be set aside. Pierce's Appeal, 103 Pa. 27.

On the power of the court to make this rule, the court says: It is not so great an exercise of power as the rule which directs

judgments to be entered for want of an appearance, plea, or affidavit of defense in the face of the Constitution, which secures to every man a trial by jury. In making these remarks the court was evidently forgetful of the statutes on these subjects.

For a long period of time the entry of the name of the defendant, or the name of his attorney, on the margin of the appearance docket opposite the party's name was an appearance for the defendant.

This is undoubtedly the custom of the common law. McCullough v. Guetner, 1 Binn. 214; Scott v. Israel, 2 Binn. 145.

When the court has acted in excess of its power, and gone beyond its discretion, such act will be undone and set aside. Catlin v. Robinson, 2 Watts, 379; Knox v. Flack, 22 Pa. 337; Boas v. Nagle, 3 Serg. & R. 250; Pierce's Appeal, 103 Pa. 27; Bailey v. Musgrave, 2 Serg. & R. 219; Huston v. Mitchell, 14 Serg. & R. 310, 16 Am. Dec. 506.

Indirectly, the rules of the lower courts have been reviewed in Gannon v. Fritz, 79 Pa. 303; Wickersham v. Russell, 51 Pa. 71; *Re* Road, 1 Penr. & W. 243; Snyder v. Bauchman, 8 Serg. & R. 336.

The supreme court has frequently reviewed the rules of practice in the lower courts indirectly, in collateral proceedings involving the validity of such rules; and has sometimes sustained such rules and sometimes declared them invalid. Pierce's Appeal, 103 Pa. 27; Bailey v. Musgrave, 2 Serg. & R. 219; Huston v. Mitchell, 14 Serg. & R. 310, 16 Am. Dec. 506; Gannon v. Fritz, 79 Pa. 303.

The authority to make the rule of court in contention is statutory; and, if not found in the statutes, there is no power to make the rule.

The statutes directing the making of rules of court are like the statutes directing the incorporation of boroughs, creating new townships, dividing townships, and forming independent school districts by the courts. They are alike in being based on statutory provisions; alike in coming into court on petition and being opposed by remonstrance; alike in the character of the effect being public and general; and alike in being within the discretion of the court whether the prayer of the petitioner shall be allowed or refused.

In cases similar to the present one the supreme court has re-

viewed, and does review, on certiorari the power of the court to act in the premises when the question is raised.

The supreme court will review the power of the court to incorporate boroughs on certiorari. *Re* Sewickley, 36 Pa. 80; *Re* Blooming Valley, 56 Pa. 66. See *Re* West Philadelphia, 5 Watts & S. 281; *Re* Little Meadows, 28 Pa. 256.

It is the same in making new townships or dividing old ones. *Re* Wetmore Twp. 68 Pa. 340; *Re* Green Twp. 9 Watts & S. 22.

The same rule prevails in creating independent school districts. Independent School Dist. No. 8, 33 Pa. 297; *Re* Clearfield Independent School Dist. 79 Pa. 419.

Public highways are laid out and opened by the courts. Road cases come before the courts on petitions, and are opposed by remonstrances, and are based on statutory provisions. The supreme court reviews road cases involving power to act under the statutes. *Re* South Chester Road, 80 Pa. 370; *Re* Norwegian Street, 81 Pa. 349.

The analogy between these statutes relating to boroughs, townships, school districts, and public highways, and the statutes allowing rules of court to be made for regulating the practice thereof respectively and for expediting the determination of suits, causes, and proceedings therein is perfect; and what is law in one case will apply with equal force to the other.

*John F. Sanderson,* for appellee.—The rule of court was adopted pursuant to the well-settled principles which recognize the inherent right of the courts of original jurisdiction to establish and enforce rules for the government of their practice and the transaction of their business, provided such rules do not contravene the law of the land. 2 Bacon, Abr. 826; Gannon v. Fritz, 79 Pa. 303.

It was adopted by virtue of express statutory power, declaring the existence of the authority in question.

Within the sphere of the court's action, rules of practice are laws, binding, it has been often held, upon the court itself, until abrogated. The power to make such rules is, *sub modo,* a legislative power; and its exercise rests upon a sound discretion. This discretion is not a subject of review by an appellate court. Mylin's Estate, 7 Watts, 64; Gannon v. Fritz, 79 Pa. 303.

Rules of court have been sustained requiring a party appeal-

ing from an award to give notice of the time and place of entering his appeal and giving the name of his surety.    Barry v. Randolph, 3 Binn. 277.

Requiring defendants to make affidavits of defense.    Vanatta v. Anderson, 3 Binn. 417.

Affirming a justice's judgment, if no legal reason be assigned for a continuance.    Kuhn v. Kisterbock, 6 Whart. 166; Elkinton v. Fennimore, 13 Pa. 173.

Requiring a defendant to deny, by affidavit, the execution of the instrument on which suit is brought, and in suits against partners, the existence of the partnership, or that the same shall be taken as admitted.    Odenheimer v. Stokes, 5 Watts & S. 175; McAdams v. Stilwell, 13 Pa. 90.

Requiring the publication of the trial list at the expense of the county.    Venango County v. Durban, 3 Grant Cas. 66.

Providing that no petition for a road shall be presented at an adjourned session.    Re Road, 27 Pa. 69.

Providing that, when proceedings for a road have failed, another application for such road shall not be acted upon for one year from the session at which such road was finally rejected. Re Towamencin Road, 10 Pa. 195.

Requiring exceptions on certiorari to judgments of justices of the peace to be filed on or before the third day of the term to which the writ was returnable.    Snyder v. Bauchman, 8 Serg. & R. 336.

Requiring affidavit of defense in the quarter sessions in proceedings on a forfeited recognizance.    Harres v. Com. 35 Pa. 416.

Allowing a party to put an instrument of writing in evidence without proof of its execution, unless the opposite party give notice that he requires such proof to be produced.    Reese v. Reese, 90 Pa. 89, 35 Am. Rep. 634.

Providing that, upon failure of a defendant in ejectment to file within a stated time an abstract of title or statement of facts upon which he relies, the plaintiff shall be entitled to such judgment as is warranted by the facts set out in the abstract and statement, which under the same rule he was required to file. Lehman v. Howley, 95 Pa. 295.

PER CURIAM:

We are clearly of the opinion that the plaintiffs in error have

no such fixed and definite interest in the subject-matter of this inquiry as to entitle them in law to a hearing as to the legality of the order in question.   If it were declared to be invalid it does not necessarily follow that they would be benefited more than any other person in the county.   They therefore have no such right superior to the rights of others as to give them a standing in court.   Alleged wrongs of a public character cannot be remedied by means of legal proceedings in the name of a private citizen, who has not sustained an injury greater than that of the public generally.   It follows that the plaintiffs have not suffered any wrong which can be remedied in this proceeding.

Writ quashed.